**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: February 28 2019

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| In Re ) | Case No. 18-30025 |
| ) | |
| Charles J. Gbur, Jr., and ) | Chapter 11 |
| Carolyn S. Gbur, ) | |
| ) | JUDGE JOHN P. GUSTAFSON |
| Debtors. | |

### ORDER DENYING MOTION

    This matter comes before the court on Debtors Charles J. Gbur, Jr. and Carolyn S. Gbur's Motion For Leave to File a Plan of Reorganization Without the Concurrent Filing of an Accompanying Disclosure Statement ("Motion"). [Doc. #124]. For the following reasons, the court will deny the Motion without prejudice.

    In their Motion, Debtors seek leave to file a plan of reorganization in their Chapter 11 small business case without an accompanying disclosure statement, arguing that, because of efficiency concerns and the limited number of creditors, the plan itself will provide creditors with adequate information for purposes of voting on confirmation. [Doc. #124, pp. 3-4]. If the Debtors qualify

as a "small business debtor"[1], the court may determine that the Chapter 11 Plan itself provides adequate information and that a separate disclosure statement is not necessary. *See*, 11 U.S.C. §1125(f). Notably, in this case, Debtors filed under Chapter 13, and checked the box stating: "I am not filing under Chapter 11." Doc. #1, Official Form B 101, p. 4, Q. 13. A Motion to convert the case to a proceeding under Chapter 11 was filed [Doc. #86], and granted [Doc. #88], but the court is not aware of any filed declaration that the Debtors are proceeding as a small business, and the box affirming the declaration that: "I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code", was never checked because no Amended Petition was filed in this case. *See*, Federal Rule of Bankruptcy Procedure 1020(a) ("In a voluntary chapter 11 case, the debtor shall state in the petition whether the debtor is a small business debtor. . . . [T]he status of the case as a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect."). Here, it appears the first statement that this is a small business case was made in the Motion. [Doc. #124, p. 2, ¶6.]

In what appears to be an error, the Motion references "the Plan the Debtor has submitted…contains 'adequate information' which would enable the creditors in this case to make an informed judgment about the Plan." [Doc. # 124, p. 4, ¶19]. Debtors have not yet submitted a plan of reorganization in this case, nor has any proposed plan been attached as an exhibit to the Motion.

Debtors' Motion and the relief it seeks appear to be at odds with the procedure provided for by the relevant Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 3016(b) states that if a small business debtor's proposed plan is intended to provide adequate information sufficient to excuse the filing of an accompanying disclosure statement, the plan must be designated as such and "Rule 3017.1 shall apply as if the plan is a disclosure statement." Rule 3017.1(a) provides that "[i]n a small business case, the court may, on application of the plan proponent or on its own

---

1/ "Small business debtor" and "small business case" are terms defined in the Bankruptcy Code. *See*, 11 U.S.C. §101(51D) & (51C). Although the issue is not before the court, leading treatises appear to accept the concept that individual debtors can be "small business debtors" if they otherwise meet the debt limit/no active creditors' committee requirements. *See*, 2 Collier on Bankruptcy ¶ 101.51D (16th ed. 2018)("The definition of a 'small business debtor' is not restricted to a person who at the time of the filing of the petition is presently engaged in commercial or business activities and who expects to continue in those same activities under a plan of reorganization."); 2 Norton Bankruptcy Law and Practice 3d § 26:13 (2019)("The unfortunate individual who does business in his or her own name . . . may well qualify as an individual Chapter 11 debtor and a small business debtor.").

2

initiative, conditionally approve a disclosure statement *filed* in accordance with Rule 3016." (emphasis added).

As an initial matter, it should be noted that leave to file a proposed joint plan/disclosure statement does not appear to be required. *See*, 9 Collier on Bankruptcy ¶ 3016.03 (16th Ed. 2018)("…there is no provision in the rule for a penalty for failure to file a disclosure statement at the same time the plan is filed or to obtain an extension of time for filing the disclosure statement."). However, per the court's reading of the relevant rules, the court is only able to conditionally approve a joint plan/disclosure statement if it has already been designated as a joint plan/disclosure statement and filed, in some manner, with the court. As a general proposition, a party might be expected to present at least a *prima facie* case before the court is obligated to enter its ruling, with or without opposition. *See*, *In re JMC Outfitters Co.*, 2009 WL 2046043 at *2, 2009 Bankr. LEXIS 1772 at *4 (Bankr. W.D. Tex. May 25, 2009).

The importance of this general proposition that a court should be provided some evidence before making a ruling is highlighted by the ruling the court is being asked to make based upon the Motion. Debtors' proposed order attached to their Motion includes findings that: "the Debtors shall not be required to file a separate disclosure statement in support of their Plan" and "the Plan filed by the Debtor shall be treated as a disclosure statement." Before making these kinds of findings, the court should be able to at least review the proposed plan. *See*, 9 Collier on Bankruptcy ¶ 3016.05, n.4 (16th Ed. 2018)("A plan proponent in a small business case will determine whether the plan should double as a disclosure statement based on the facts and circumstances of the case. Rule 3017.1 leaves to the court's discretion whether to approve such a disclosure.").

Even with a proposed combined plan and disclosure statement approved for distribution to creditors, they would still retain an ability to object to the information provided. Accordingly, in granting Debtors' Motion, the court would not be adopting ¶19 of the Motion, which states that "the Plan the Debtor has submitted, itself, contains "adequate information" which would enable the creditors in this case to make an informed judgment about the Plan." [Doc. #124, p. 4, ¶19].

Accordingly, because the court does not have a plan of reorganization before it, and is thus unable to determine if the plan provides "adequate information" sufficient to excuse the filing of a separate disclosure statement, the court will deny the Motion without prejudice. If Debtors still wish to seek approval of a joint plan/disclosure statement, they should file a copy of the proposed plan – for example, as an exhibit to the amended motion - so that the court may determine whether

at least a *prima facie* showing has been made that the Chapter 11 plan contains "adequate information" under §1125(f)(1).

**IT IS THEREFORE ORDERED** that Debtors' Motion [Doc. #124] be, and hereby is, **DENIED** without prejudice.